In this case the circuit judge for the time being, of the first circuit, sat, and affected to continue the session of the Circuit Court of Greene County into and during part of the time appointed by the act of Assembly for the holding the Circuit Court of Washington County. During this so prolonged session of the Circuit Court of Greene, and after the commencement of and during the time appointed for the session of Washington Circuit Court, the present cause depending in Greene Circuit Court was tried at Greenville, the place of holding the Circuit Court of Greene County, when judgment was-rendered for the plaintiff. The defendant took a writ of error to this Court, and assigns for error that these proceedings so had were coram non judice.
Whether these proceedings were coram judice depend upon the construction of the acts of Assembly. The Act of 1809, ch. 49, § 2, says “ that circuit courts, composed of one judge, shall be held twice annually in each of the counties, &c., at the following times and places, to wit; in the courthouse in the county of Greene, on the first Monday in March and September ; in the court-house in the county of Washington, on the second Monday in the months of March and September.” The Act then goes on and designates the time for the session of every circuit court in the State, and then follows this general clause, applicable to- the whole and every of them : “ And the respective sessions of the aforesaid several circuit courts *65 shall continue from day to day, Sundays excepted, until the business thereof is completed, or until the judge shall deem it necessary to rise, that he may go on to the next court, in which it may he his duty to preside.” The third section of the same Act says “ that where any circuit judge shall fail to attend on the first day of any term, the business thereof shall stand adjourned until the second day, and if the judge fails to attend on the second day, the business shall stand adjourned until the third day, and if the judge fails to attend before four o’clock of the evening of the third day, it shall be the duty of the sheriff of the said court to adjourn all suits and causes therein depending to the next succeeding term of the Circuit Court, &c.” The Acts of 1817, ch. 181, of 1815, ch. 151, and of 1817, ch. 138, though on the same subject, produce no variation upon the present question ; it therefore stands upon the second and third sections of the 49th chapter of the Act of 1809.
It was contended by the defendant’s counsel in error, that the last clause of. the second section, and the first clause of the third section of the Act of 1809, above recited, authorized and warranted the judge in his proceedings ; that his doing so advanced the administration of the public justice of the country, inasmuch as it might often happen that the business in one court might be more than could be done in the time allotted for it; and in another court the time might exceed the business, as occurred in the present case, — the business in Greene being more, and that in Washington less than the time respectively assigned to these courts required; that the discretionary apportionment made by the judge in this case was for the public good, and therefore must have been the intention of the Legislature in the above Act.
I cannot concur with this reasoning. The Act saying that the Court shall be held in the court-house of the county of Washington, on the second Monday of March and September, is a direct and positive command, requiring the judge to be there also at these respective times, for there can be no court without the judge ; his presence is the very essence of it. It is his duty then to render his attendance there; but he cannot render this attendance at two different places at the same time, and the Act having required his attendance at the court-house of Washington on the second Monday in March, necessarily negatives the implication of dispensing with it there at that time, and in lieu thereof, accepting of it in Greene; an alternative resting not upon the act, but upon the judge’s discretion, pro tanto, guided by the quantum, of business, and his ideas of apportionment of the time to the business in the two courts.
The expression in the last clause of the second section of the Act, to wit, “ that the session shall continue until the business is completed, or until the judge shall deem it necessary to rise, that he may go to the next court in which it may be his duty to preside,” is relied upon in maintenance of this *66 implication and power of tbe judge. But this clause respects his transportation, or the act of his going from the one place to the other where the Court is held, and not the business or its quantum, and is repulsive of the idea it is brought forward to support, for by the clause itself, the completing the business at any court, is to give place to the commencement of the business at the next succeeding court where it may be the judge’s duty to attend. And although the going through the business of any one court, is a much to be desii'ed object to all, yet the Legislature has in this clause made it secondary to certainty, regularity, and the fixed and prescribed times of commencing and holding the Courts, which times from the principle of public convenience, should rest upon the certainty of a fixed notice, necessarily within the reach of public knowledge, and easily to be obtained by all, and not rest upon a movable notice dependent upon a judge’s promulgation of it, which must from the nature of it, be very partial in practice and limited in effect.
The third section of this Act is strongly repugnant to the construction contended for by the defendant’s counsel. The Act saying, “ if the judge shall fail to attend on the first day of any term,” is equivalent to saying it is his duty to attend on the first day of every term, and the# Legislature expected such attendance, for it says, upon his failure on the first day, the business thereof shall stand adjourned until the second day. What business ? The business thereof of that first day, ready for and expected to be disposed of on that first day, which by reason of the failure of the attendance of the judge, must stand adjourned to the second day, &c. Now would the Legislature intend a thing so unreasonable and inconvenient to the public, that the suitors of the Court, the witnesses, the grand and petit jurors, the officers, and all others concerned, should render their attendance at the place of holding the Court, laying aside other business, and there upon expense, in expectation continue their attendance for three days upon an acknowledged uncertainty ? I cannot think the Legislature could intend any such thing.
The term “ fail ” used by the Legislature in this third section, is a strong expression ; it means something more than simply the not doing of an act; it implies duty and obligation ; but the law would not consider it to be the duty of the judge in the present case to attend at Washington on the second Monday, if that attendance could at the discretion of the judge, be commuted for an attendance elsewhere. Necessity only will discharge the obligation. The true meaning of this section from the whole context of the law, is simply a provision against accident, interposed by the Legislature between its happening and the consequences, lessening the latter, and thereby preventing the greater mischief of a'total, instead of a partial loss of the term of the Court. Thus the judge by indisposition or other accident, which he cannot control, may be prevented from attending the first *67 day, but may be able to attend the second or tbe third, and thus save a part of the public time, which without this clause, would have been lost for the whole term, by his absence during the first day. ■
Judgment to be reversed, and the cause remanded to Greene County Circuit Court, to be there tried, &e.